UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS B. ADAMS, JR.,<br><br>    Defendant. | Crim. Action No. 21-354 (APM) |

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNT ONE:
OBSTRUCTION OF AN OFFICIAL PROCEEDING**

Thomas Adams, through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), moved to dismiss Count One of the Indictment, which charges him with obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2) & 2. Mr. Adams specifically challenged Count One following the analysis of *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022). *See also United States v. Singleton*, No. H-06-cr-080, 2006 WL 1984467 (S.D. Tex. Jul. 14, 2006), and *United States v. Hutcherson*, No. 6:05-cr-00039, 2006 WL 270019 (W.D. Va. Feb. 3, 2006). Mr. Adams' actions do not fall within the confines proscribed by § 1512(c)(2) because he did not take any action with respect to a tangible object, such as a document, record, or other object for the purpose of corruptly obstructing, influencing, or impeding an official proceeding.

In response, the government's opposition erroneously alleges that Mr. Adams took an action with respect to documents, records, or other objects because he took photographs of documents on the desks of Senators and videotaped another individual looking at documents. *See* Gov't Opp. at 7-10. According to the

Government, the "defendant's obstructive conduct plainly has a nexus to a document, record, or other object," and thus is covered by § 1512(c), "because it specifically involved tampering with Senate records or documents." *Id*. at 9.  The Government further asserts that a nexus to documents exists because the defendants "corruptly stopped Members of Congress from reviewing" the documents present in the U.S. Capitol.  *Id*. at 10.

First, the government's depiction of Mr. Adams' actions are incorrect and the photo included by the government on page 8 of its opposition itself refutes the allegations.  The photo clearly shows Mr. Adams holding his cell phone above his head and pointing forward, not toward the desk or the documents.  The camera portion of the phone is visible in the photo, showing Mr. Adams was not taking photos of documents.  Additionally, the videos downloaded from Mr. Adams' phone and the CCTV footage show that Mr. Adams was lazily holding his phone as if to record what was going on around him and not purposefully videotaping or photographing any person or object while on the Senate floor.

Moreover, the language of the statute refers to whoever "corruptly" "alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1) (emphasis added). Even accepting the government's allegations as true, they do not demonstrate any conduct or intent consistent with the tampering criminalized by the charged statute. Put simply, the government does not allege that Mr. Adams altered, destroyed, mutilated, or

2

concealed a record, document, or other object. Nothing about photographing or videotaping Senate documents falls within the type of conduct proscribed by the statute, as photographing and videotaping documents does not demonstrate an intent to impair their integrity or availability for use in a proceeding.

## CONCLUSION

For all of these reasons, Mr. Adams respectfully requests that the Court dismiss Count One of the Indictment.

> Respectfully Submitted,
>
> A.J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> _____/s/_____
> NED SMOCK
> DIANE SHREWSBURY
> Assistant Federal Public Defenders
> 625 Indiana Ave NW, Suite 550
> Washington, DC  20004
> (202) 208-7500