# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cr-00354 (APM) |
| THOMAS B. ADAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant Thomas B. Adams, Jr. has moved to dismiss Counts One, Two, Three, and Five of the Indictment, as well as moved to transfer venue. *See* Def.'s Mot. to Dismiss Count One, ECF No. 35 [hereinafter Def.'s Count 1 Mot.]; Def.'s Mot. to Dismiss Counts Two and Three, ECF No. 36 [hereinafter Def.'s Counts 2/3 Mot.]; Def.'s Mot. to Dismiss Count Five, ECF No. 37 [hereinafter Def.'s Count 5 Mot.]; Def.'s Mot. for Transfer of Venue, ECF No. 38. These motions are denied.

*Count One.* Count One charges obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. §§ 1512(c)(2), 2. Defendant argues that the court should adopt the ruling in *United States v. Miller* that § 1512(c)(2) must be interpreted narrowly as limited by subsection (c)(1), such that the statute requires a defendant to have taken some action with respect to documents, records, or other object in order to commit a violation. *See United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). And, Defendant asserts, because she is not alleged to have taken any action with respect to any document, record, etc., in order to obstruct, impede or influence an official proceeding, Count One fails to state an offense. Def.'s Count 1 Mot. at 3–9. This court, however, disagrees with the reasoning of *Miller* for the reasons stated by other judges

of this court.  *See United States v. McHugh*, No. 21-cr-453 (JDB), 2022 WL 1302880 (D.D.C. May 2, 2022); *United States v. Reffitt*, No. 21-cr-32 (DLF), 2022 WL 1404247, at 7–10 (D.D.C. May 4, 2022); *United States v. Bingert*, No. 1:21-cr-91 (RCL), 2022 WL 1659163, at 7–11 (D.D.C. May 25, 2022); *United States v. Fitzsimons*, No. 21-cr-158 (RC), 2022 WL 1698063, at 6–12 (D.D.C. May 26, 2022); *United States v. Williams*, No. 21-cr-0618 (ABJ), 2022 WL 2237301, at *17 n. 13 (D.D.C. June 22, 2022).  Count One states an offense against Defendant.

Defendant also cites a memorandum written by former Attorney General William Barr, which purports to read § 1512(c)(2) as the court did in *Miller*.  Def.'s Count 1 Mot. at 3–4.  But that memorandum was written by the former Attorney General as a private citizen and "any suggestion that the memorandum represents the views of the Department of Justice is inaccurate." *United States v. Montgomery*, 578 F. Supp. 3d 54, 69 n.3 (D.D.C. 2021).

Finally, to the extent Defendant presses any other arguments about the constitutionality of § 1512(c)(2) or the insufficiency of the allegations supporting Count One, the court rejects those for the reasons stated by this court in *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–33 (D.D.C. 2021), and the court in *Montgomery*, 578 F. Supp. 3d at 61–87.

*Counts Two and Three.*  Counts Two and Three charge Defendant with entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1) and disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2). The motion rests on the contention that the Vice President of the United States, acting as President of the Senate, was not "temporarily visiting" the U.S. Capitol on January 6, 2021, because he has a permanent Senate office and he was there on that day to conduct Senate business.  Def.'s Counts 2/3 Mot. at 3–5, 7–14.  And, because the Vice President was not "temporarily visiting" the U.S. Capitol, Defendant contends, he was not on "restricted buildings or grounds," as defined by

§ 1752(c)(1)(B) (defining "restricted building or grounds" to mean "a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting").

This argument does not come to the court on a clean slate.  Every judge on this District Court to have considered it has rejected it.  *See, e.g.*, *United States v. McHugh*, 583 F. Supp. 3d 1, 32–35 (D.D.C. 2022) (Judge Bates); *United States v. Andries*, No. 21-cr-93 (RC), 2022 WL 768684, *16–17 (D.D.C. Mar. 14, 2022) (Judge Contreras); *United States v. Puma*, 596 F. Supp. 3d 90, 112–14 (D.D.C. 2022) (Judge Friedman); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163, *14–15 (D.D.C. May 25, 2022); *United States v. Williams*, No. 21-cr-618 (ABJ), 2022 WL 2237301, *19–20 (D.D.C. June 22, 2022).  The court agrees with these decisions and adopts their reasoning as its own.  The court briefly addresses two contentions raised by Defendant that these cases do not directly address.

First, Defendant asserts that the reading of § 1752(a)(1) advanced by these courts creates a fair notice problem.  Def.'s Counts 2/3 Mot. to Dismiss at 12–14.  Specifically, in *McHugh*, the court granted the possibility (though it did not hold) that the term "temporarily visiting" might be reasonably construed to exclude a protectee's primary place of work, but because the Vice President's Senate office is not his primary place of work, Vice President Pence was "temporarily visiting" the U.S. Capitol on January 6, 2021.  *McHugh*, 583 F. Supp. 3d at 34–35.  Defendant argues that this logic creates a fair notice problem: an ordinary person would not be able to discern from the statutory text how to distinguish between a primary place of work that is excluded from the statute's reach (i.e., the Vice President's West Wing office) and a secondary place of work that falls within it (i.e., the Vice President's Senate office).  Def.'s Counts 2/3 Mot. at 12–14.  But it is not clear why that is so.  An ordinary person would understand that the Vice President's primary office is not within the U.S. Capitol, in the same way that she would know that the President's

primary place of work is not Camp David or personal property that he owns, regardless of the amount of time spent there.  The statute's reach therefore does not, as Defendant contends, "expand[] and contract[] based on fluid, unidentified factors," such as the number of times a Vice-President casts tie-breaking votes in the Senate.  Def.'s Mot. to Dismiss at 12.  "All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden."  *Rose v. Locke*, 423 U.S. 48, 50 (1975) (per curiam).  An ordinary person would have understood § 1752(a)(1) to reach the U.S. Capitol when Vice President Pence presided over the certification of the Electoral College vote on January 6th.

Second, Defendant contends that, because of the statute's ambiguity, principles of constitutional avoidance and the rule of lenity favor his narrower construction.  Def.'s Mot. to Dismiss at 14–17.  But the court rejects the premise that § 1752(a)(1) is ambiguous.  These principles of construction therefore have no application.  Counts Two and Three state an offense.

*Count Five.*  Count Five of the indictment charges Defendant with parading, demonstrating, or picketing in any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(G).  He argues that this count must be dismissed because § 5104(e)(2)(G) is both unconstitutionally vague, Def.'s Count 5 Mot. at 2, 7–10, and substantially overbroad, *id.* at 2–7.  He also contends that Count Five fails to state a claim because the "bare recitation of the statutory language is not enough"; the indictment must allege that he "engaged in any form of speech or expressive conduct in the Capitol Building."  *Id.* at 12.

The court rejects Defendant's vagueness and overbreadth challenges for the reasons explained in *United States v. Rhine*, No. 21-cr-0687 (RC), 2023 WL 372044, *13–15 (D.D.C. Jan. 24, 2023), and *United States v. Nassif*, No. 21-cr-421 (JDB), 2022 WL 4130841, *2–7 (D.D.C. Sept. 12, 2022).

The court also concludes that Count Five sufficiently states an offense because it sets forth the elements of the offense and the date and location where the offense occurred.  That is all that is required.  *See Rhine*, 2023 WL 372044 at *16; *Nassif*, 2022 WL 4130841 at *7–8.

*Transfer of Venue.*  The court denies Defendant's motion for transfer of venue for the reasons set forth in *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *20–23 (D.D.C. June 28, 2022); *United States v. Garcia*, No. 21-cr-0129 (ABJ), 2022 WL 2904352 (D.D.C. July 22, 2022); and *United States v. Gossjankowski*, No. 21-cr-0123 (PLF), 2023 WL 395985 (D.D.C. Jan. 25, 2023).  To these decisions, the court adds that, as in *Skilling v. United States*, District of Columbia juries have shown themselves to be capable of holding the government to its burden of proof in January 6th prosecutions, as evidenced by the multiple not guilty verdicts handed down in the two trials in *United States v. Rhodes*.  *See Skilling v. United States*, 561 U.S. 358, 383 (2010) ("Finally, and of prime significance, Skilling's jury acquitted him of nine insider-trading counts.").

For the foregoing reasons, Defendant's motions are denied.


Dated:  January 27, 2023

Amit P. Mehta
United States District Court Judge