UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**THOMAS B. ADAMS, JR.,**<br><br>        **Defendant.** | **Crim. Action No. 21-354 (APM)** |

### DEFENSE RESPONSE TO SHOW CAUSE ORDER

Thomas B. Adams, Jr., through counsel, submits this response to the Court's February 3, 2023 Show Cause Order. The defense agrees with the government that the Court should take no action to vacate the convictions entered on January 30, 2023 and the case should proceed to sentencing.

This Court's Show Cause Order was issued following publication of an article in the State Journal-Register on February 2, 2023 in which a reporter described a conversation with Mr. Adams the day he arrived home in Illinois after a long drive from his court appearance in Washington, D.C. The statements attributed to Mr. Adams in that article do not warrant vacating the finding of guilt entered on January 30, 2023.

The proceeding on January 30, 2023 was not a guilty plea. It was a stipulated facts trial in which Mr. Adams admitted facts that, based upon this Court's rulings on his motions to dismiss, would establish guilt. Mr. Adams did not, and does not here, change his position that the facts he admitted in that proceeding were true. In other words, he did not in his conversation with the reporter, nor is he here, recanting

1

the statements he made in Court.

The parties elected to proceed with a stipulated facts bench trial rather than a guilty plea because it was the only way for Mr. Adams to acknowledge his conduct while retaining the right to appeal the legal issue of whether his conduct amounted to a violation of 18 U.S.C. § 1512(c)(2).[1] The comments attributed to Mr. Adams, though not artfully or precisely conveyed, were consistent with that legal position: that the conduct he admittedly engaged in does not fall within the ambit of the felony obstruction charge. ("I still to this day, even though I had to admit guilt, don't feel like I did what the charge is.") Recognizing that this Court has found otherwise, Mr. Adams chose to save the Court and the government the time of going through a trial at which the defense would not be contesting his actual conduct. The anxiety evident in Mr. Adams' comments stems from the fact that the § 1512(c)(2) obstruction charge – as opposed to other charges he faced – comes with an intimidatingly high advisory guideline sentencing range.

Mr. Adams has acknowledged that he went into the Capitol and the Senate chamber and should not have done so. As the defense will explain in more detail in its sentencing pleadings, Mr. Adams has been distressed because he is concerned that

---

[1] The Honorable Judge Nichols held that conduct like Mr. Adams' on January 6 cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, within the meaning of § 1512(c)(2) because it did not involve the destruction of evidence or documents. The government has appealed Judge Nichols' opinion in *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022), and the case was recently argued before the D.C. Circuit.

he has been equated with people who engaged in violence and destruction of property on January 6. Mr. Adams did neither. His comments to the reporter were largely intended to convey the fact that he did not engage in violence towards people or property on January 6. ("I had no criminal intent. I had no malicious intent . . . I had no desire to do anything malicious, vicious, or anything.") His purported comment to the reporter about not changing anything he did on January 6 was intended to mean that he still would have come to Washington, D.C. to take part in a protest on President Trump's behalf. He did not intend to suggest that he would have gone into the Capitol and he has never suggested as much to the undersigned. In fact he has said the opposite repeatedly. Mr. Adams now understands that the time to clarify all of these issues is through his counsel at sentencing rather than by talking to members of the press who show up at his home seeking comment.

    For all of these reasons, the defense agrees with the government that the Court should not vacate the finding of guilt entered on January 30, 2023 and the case should proceed to sentencing as scheduled on June 16, 2023.

                              Respectfully submitted,

                              A.J. KRAMER
                              FEDERAL PUBLIC DEFENDER

                              _____/s/_____
                              NED SMOCK
                              DIANE SHREWSBURY
                              Assistant Federal Public Defenders
                              625 Indiana Avenue, N.W., Suite 550
                              Washington, D.C.  20004
                              (202) 208-7500