UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS B. ADAMS, JR.,<br><br>Defendant. | Case No. 21-cr-00354-APM |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Adams' sentencing memorandum (ECF No. 69) in connection with the above-captioned matter.

Adams argues for a downward departure, or, in the alternative, a variance, under the theory that the Sentencing Commission has voted to adopt amendments to the Sentencing Guidelines that would lower Adams' Criminal History Category from III to II under U.S.S.G. § 4A1.3(b)(1), if Adams were sentenced after November 1, 2023. *See* ECF No. 69 at 14.

The Court must use the Sentencing Guidelines that are in effect on the day that Adams is sentenced. U.S.S.G. § 1B1.11. The Court should therefore reject Adams' argument and decide that Adams' Criminal History Category is III, as the Probation Office recommends. PSR ¶ 69.

In other cases, where Congress had codified amendments to the Sentencing Guidelines and where it was clear that such amendments applied retroactively, the D.C. Circuit remanded cases for resentencing consistent with the amendment. *See In Re Sealed Cas*e, 722 F.3d 361, 370 (D.C. Cir. 2013) (remanding upon finding for the defendant, who argued that he was eligible for sentence reduction following the Sentencing Commission's adoption of Amendment 706, which reduced the disparity in sentencing between sentences for powder and crack cocaine convictions). The D.C. District Court has also held that defendants are eligible for resentencing under the same

1

circumstances. *See United States v. Stephenson*, 950 F.Supp.2d 1, 4 (D.D.C. 2013) (holding that the defendant was eligible for a sentence reduction based on adopted Amendment 706 that had been codified by the Fair Sentencing Act of 2010). But those cases do not apply here, because Congress has yet to approve the suggested amendments to which Adams refers, and because the Commission has not yet determined whether the amendments will apply retroactively and is currently soliciting comments to that effect. 88 Fed. Reg. 28254 (May 3, 2023).

Where an amendment is not retroactive, the weight of authority suggests that sentencing courts need not consider it, and that remand for resentencing is not required after it passes. *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009) (holding that the sentencing judge was not required to consider a pending amendment to the Sentencing Guidelines, and citing cases from the Fifth, Ninth and Eleventh Circuits that supported this proposition); *United States v. Vasquez-Alcarez*, 647 F.3d 973, 980 (10th Cir. 2011) (holding that a proposed amendment to the Sentencing Guidelines is not a sufficient reason to remand a reasonable sentence for resentencing). Only one circuit—the First—has remanded for resentencing based on guidelines amendments that were actually adopted while a direct appeal was pending. *United States v. Frates*, 896 F.3d 93, 100 (1st Cir. 2018), but the Court in *Vasquez-Alcarez* explained that the First Circuit's approach has been "sharply criticized." *Vasquez-Alcarez*, 647 F.3d at 980.

As such, the Court should apply the law as it stands on the date of Adams' sentencing and decide that Adams' Criminal History Category is III.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          UNITED STATES ATTORNEY

By:    */s/ Carolina Nevin*
        CAROLINA NEVIN
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        NY Bar No. 5226121
        (202) 803-1612
        Carolina.Nevin@usdoj.gov

        */s/ James D. Peterson*
        JAMES D. PETERSON
        Special Assistant United States Attorney
        United States Department of Justice
        1331 F Street N.W. 6th Floor
        Washington, D.C. 20530
        VA Bar No. 35373
        Desk: (202) 353-0796
        Mobile: (202) 230-0693
        James.d.peterson@usdoj.gov