UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case. No. 21-CR-354 (APM) |
| ) | |
| THOMAS B. ADAMS ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Thomas B. Adams respectfully moves this Court for release pending appeal. Mr. Adams satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Adams's felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

### Background

On May 12, 2021, Mr. Adams was charged by indictment with five counts: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C.

1

§ 1512(c)(2) (Count One), Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two),[1] Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2) (Count Three), Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Five).  *See* Dkt. 7.

On December 19, 2023, Mr. Adams filed a motion to dismiss Count One (the felony obstruction count, 18 U.S.C. § 1512(c)(2)), on the grounds that, among other things, the conduct Mr. Adams has been accused of committing did not satisfy § 1512(c)(2)'s actus reus requirement because he did not take "some action with respect to a document, record, or other object."  *See* Dkt. 35 at 9.  On January 28, 2023, this Court denied Mr. Adam's motion to dismiss.  *See* Dkt. 48.

On January 30, 2023, following a stipulated bench trial, this Court convicted Mr. Adams on Counts 1 and 2.  *See* Bench Trial Tr. 40.  During the stipulated bench trial, this Court confirmed that Mr. Adams was preserving his legal challenge to Count One.  *See id.* at 36.

On April 7, 2023, the D.C. Circuit decided *United States v. Fischer*, adopting a "broad interpretation" of § 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document, or other object" as mentioned in

---

[1] Mr. Adams's indictment incorrectly captions both Count Two and Count Three as "Disorderly and Disruptive Conduct in a Restricted Building or Grounds."  Dkt. 7 at 2.  Count Two is the Entering and Remaining Charge. *See* Bench Trial Tr. 19.

§ 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 337 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). The D.C. Circuit's decision in *Fischer* was subject to a vigorous dissent. *Id.* at 363-83 (Katsas, J., dissenting).

On June 16, 2023, Mr. Adams was sentenced to an aggregate term of 14 months (14 months on Count 1; 12 months on Count 2), followed by 3 years of supervised release (3 years on Count 1; 1 year on Count 2).[2] *See* Sentencing Tr. 74; Dkt. 72 at 3-4.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*. The question now pending before the Court is as follows: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

---

[2] At the bench trial, the Court correctly described Count Two as Entering or Remaining. *See* Bench Trial Tr. 38, 40. The written judgment, however, incorrectly says that Mr. Adams's Count 2 conviction is for Disorderly and Disruptive Conduct in a Restricted Building, rather than Entering or Remaining in a Restricted Building, though it does list the correct statutory provision. *See* Dkt. 72 at 2 (listing 18 U.S.C. § 1752(a)(1) as the statute of conviction, which applies to Entering or Remaining). At sentencing, the Court sentenced Mr. Adams to only a year of supervised release on Count 2, consistent with statutory limits. *See* Sentencing Tr. 74. But the judgment incorrectly says that Mr. Adams was sentenced to a three-year term of supervised release on both convictions. *Id.* at 4. The Court's oral pronouncements conflict with the written judgment and thus the oral pronouncements control. *See United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010).

## **Grounds for Release Pending Appeal**

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
    (i) reversal,
    (ii) an order for a new trial,
    (iii) a sentence that does not include a term of imprisonment, or
    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). "[A] substantial question is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted). In light of the Supreme Court's decision to hear *Fischer*, Mr. Adams meets all of the statutory criteria for release pending appeal.

**A.     Mr. Adams poses no flight or safety risk.**

Prior to his current incarceration, Mr. Adams, 42, lived in Springfield, Illinois with his beloved American Bully.  He was gainfully employed as a lawncare crew foreman, and his employer described him as a reliable and trustworthy employee.

From his arrest in April 2021, until the day he reported to prison, Mr. Adams was released on conditions and a personal recognizance bond.  Although Mr. Adams did not have perfect compliance with his conditions of release (in particular, the conditions regarding drug use), he successfully remained on bond during the entirety of his over two years on pretrial release.  Mr. Adams never once fled nor posed a risk to the safety of others.  In fact, Mr. Adams drove to and from his home in Springfield for all required in person court appearances in this case, reporting diligently to his pretrial services officer.  The Court made specific findings about Mr. Adams's lack of dangerousness or risk of flight when it permitted Mr. Adams to self-surrender to the Bureau of Prisons, which he did as required.  *See* Sentencing Tr. 78.

If released, Mr. Adams plans to return to Springfield to live with the friends that have been caring for his dog during his incarceration.  BOP has already approved this plan for Mr. Adam's release.

For these reasons, Mr. Adams presents no flight or safety risk.

**B.     Mr. Adams's appeal raises a substantial question and therefore is not for the purpose of delay.**

In light of the Supreme Court's grant of certiorari in *Fischer*, whether § 1512(c)(2) applies to Mr. Adams's conduct undoubtedly is a substantial question of law.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Adams's appeal establishes a likelihood of *reversal*. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, Mr. Adams challenged the legal propriety of the felony obstruction count, 18 U.S.C. § 1512(c)(2), in this case. In fact, he raised the precise legal argument the Supreme Court is considering in *Fisher*: whether 18 U.S.C. § 1512(c) covers "acts unrelated to investigations and evidence." *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

As to that issue, substantiality is neither hypothetical nor debatable: the Supreme Court has granted certiorari. Its decision to grant cert—especially in the

absence of a clear circuit split[3]—means that this issue could "very well" be decided in Mr. Adams's favor.

## C. Resolution of this substantial question in Mr. Adams's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

If decided in Mr. Adams's favor, his appellate challenge to the applicability of § 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In fact, Mr. Adams has *already* served longer than he likely would have had he not been convicted of a violation of § 1512(c)(2).

As an initial point, under the sentencing-package doctrine, Mr. Adams's misdemeanor sentence would be vacated upon the reversal of his felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006).

With the § 1512(c)(2) conviction, Mr. Adams's offense level was 17 and his Criminal History Category was III, resulting in a Guidelines range of 30 to 37 months. *See* Dkt. 73. Due to upcoming Guidelines Amendments, the Court decided to "begin, for purposes of variance," with a Guidelines range based on a Criminal History Category of II "because that would reflect" the upcoming removal of status

---

[3] *See* Brief for U.S. in Opp. to Writ of Cert, *Fischer et al. v. United States*, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals.").

points for marijuana convictions and new violations while on supervised release. Sentencing Tr. 40; *see also id.* 30-32. Ultimately—due to Mr. Adams's limited criminal history, the challenges he's faced in his life, the circumstances of January 6 itself (particularly the fact that the former President encouraged his supporters to be there), and the fact that Mr. Adams proceeded by stipulating trial and therefore relieved the government and the Court of expending resources trying him—this Court varied below the Guidelines and sentenced Mr. Adams to 14 months in prison.

Without the § 1512(c)(2) conviction, Mr. Adams's sentence will almost certainly be lower still. To start with, his offense level will be 6, not 17. *See id.* 39 (holding that § 2B2.3 applies to Count 2, but then applying the cross reference for § 1512(c)(2)). This results, assuming the Court begins from Criminal History Category II again, in a Guidelines Range of only 1-7 months.[4] *See* Sentencing Table.

In fact, without Mr. Adams's felony conviction, his misdemeanor sentence will likely at the bottom of—or below—his Guidelines range. In other cases involving misdemeanor-only January 6 defendants, this Court has consistently imposed sentences of three months incarceration or less, including many supervised release/probation-only sentences.[5]

---

[4] Without the variance, the Guidelines range would be 2-8 months.

[5] *See, e.g.*, *United States v. Matthew Baggott*, No. 21-cr-411 (APM) (18 U.S.C. § 1752(a)(2)); three months' incarceration, 12 months' supervised release); *United States v. Michael Green*, No. 21-cr-28-20 (APM) (18 U.S.C. § 1752(a)(1)); 24 months' supervised release); *United States v. Paul Seymour Sr.*, No. 22-cr-41 (APM) (40 U.S.C. § 5104(e)(2)(G); 12 months' probation); *United States v. Paul Seymour Jr.*, No. 22-cr-41 (APM) (40 U.S.C. § 5104(e)(2)(G); 12 months' probation); *United States v. Jamie Ferguson*, No. 22-cr-194 (APM) (40 U.S.C. § 5104(e)(2)(G); 24 months' probation); *United States v. John Lolos*, No. 21-cr-243 (APM) (40 U.S.C. § 5104(e)(2)(G); 14 days' incarceration); *United States*

Mr. Adams began serving his sentence of incarceration on August 5, 2023, when he self-reported to FCI Forest City. As of today's date, he has already served nearly five months imprisonment. Thus, it is likely that Mr. Adams has *already* served longer in prison than the sentence he would receive if the Supreme Court sides with him in *Fischer*.

But that is not all. *Fischer* will not be decided tomorrow. Assuming the Supreme Court sets *Fischer* for argument this term, an opinion is likely to issue sometime in late spring, probably late June. By that time Mr. Adams will have served over ten months—three months more than the top of the guidelines that would apply to him without the § 1512(c)(2) conviction.

Thus, a favorable resolution of the substantial question raised by Mr. Adams is virtually certain to result in a sentence less than the total of the time he has already served plus the expected duration of the appeal process. And, in fact, it seems likely that *today* Mr. Adams is overserving the sentence he would receive if he prevails on

---

*v. Zachary Wilson*, No. 21-cr-578 (APM) (40 U.S.C. § 5104(e)(2)(G); 45 days' home detention; 24 months' probation); *United States v. Kelsey Wilson*, No. 21-cr-578 (APM) (40 U.S.C. § 5104(e)(2)(G); 30 days' home detention; 24 months' probation); *United States v. Mark Rebegila*, No. 21-cr-283 (APM) (40 U.S.C. § 5104(e)(2)(G); 30 days' home detention; 24 months' probation); *United States v. Andrew Cavanaugh*, No. 21-cr-362 (APM) (40 U.S.C. § 5104(e)(2)(G); 24 months' probation); *United States v. Sean Watson*, No. 21-cr-422 (APM) (40 U.S.C. § 5104(e)(2)(G); 7 days incarceration; 24 months' probation); *United States v. Cody Vollan*, No. 22-cr-44 (APM) (40 U.S.C. § 5104(e)(2)(G); 12 months' probation); *United States v. Anthoy Carollo*, No. 22-cr-44 (APM) (40 U.S.C. § 5104(e)(2)(G); 12 months' probation); *United States v. Jeremiah Carollo*, No. 22-cr-44 (APM) (40 U.S.C. § 5104(e)(2)(G); 21 days' incarceration; 12 months' probation).

his appeal and is resentenced consistent with this Court's prior misdemeanor cases. Release, accordingly, is both appropriate and urgent.

## Conclusion

For these reasons, Mr. Adams respectfully moves for release pending appeal.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Courtney L. Millian
Diane Shrewsberry
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500