UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>THOMAS B. ADAMS                   )<br>)<br>            Defendant.                      )<br>                                                  ) | Case. No. 21-CR-354 (APM) |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL

Release pending appeal is warranted in Mr. Adams's case. Indeed, there is a very serious risk that Mr. Adams is *already* overserving the sentence he will receive if his appeal succeeds.

The government does not argue that Mr. Adams is a flight risk or a danger to the community. Instead, it contests whether Mr. Adams's appeal raises a substantial legal question—even though it agrees that his appeal raises the same question that the Supreme Court just granted certiorari on in *Fischer v. United States*, No. 23-5572 (December 13, 2023). The government also disputes whether, if *Fischer* is resolved in Mr. Adams's favor, Mr. Adams is likely to receive a reduced sentence of imprisonment that would expire before his appeal concludes. In disputing this latter point, the government overlooks entirely the applicable Guidelines calculation without Mr. Adams's § 1512(c)(2) conviction, as well as this Court's prior practice when sentencing misdemeanor-only January 6 defendants.

1

**A.      Mr. Adams's appeal raises a substantial question.**

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)).  Whether § 1512(c)(2) applies to Mr. Adams's conduct is a substantial question.  The Supreme Court has granted certiorari in *Fischer*.  Its decision to do so, especially in the absence of a circuit split, makes plain that the issue could go Mr. Adams's way.  On average, the Supreme Court reverses in over 70% of the cases it takes.  *See SCOTUS case reversal rates (2007-Present)*, Ballotpedia, https://ballotpedia.org/SCOTUS_case_reversal_rates_(2007_-_Present) (last accessed Jan 3, 2024).

In fact, in at least one case, the government has not bothered to contest that the issue in *Fischer*—whether § 1512(c)(2) covers all obstructive conduct or only conduct related to documents and evidence—is a substantial question.  *See, e.g.*, Gov. Opp. (12/26/2023), *United States v. Sheppard*, No. 21-cr-203-JBD.  And several judges on this Court have already granted stays of sentencings until *Fischer* is resolved.  *See, e.g.*, Min. Order (12/28/2023), *United States v. Zink*, No. 21-cr-191-JEB ("Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes that postponing such sentencing until after the Supreme Court decides *U.S. v. Fischer* is appropriate."); Min. Order (12/22/2023), *United States v. Seitz*, No. 21-cr-00279-DLF (staying

sentencing pending the decision in *Fischer* in § 1512(c)(2) case). Stay motions require a *greater* showing of likelihood of success than motions for release pending appeal. To receive a stay, a defendant must make a "strong showing that he is likely to succeed on the merits," while a defendant seeking release need only show that the question presented by his appeal is "close." *Compare Nken v. Holder,* 556 U.S. 418, 426 (2009) (strong showing for a stay), *with Bayko*, 774 F.2d at 522-23 (no need to show likelihood of success for release pending appeal).

The government relies on one case to argue that Mr. Adams's appeal does not present a substantial question: *Heath v. Jones*, 941 F.2d 1126 (11th Cir. 1991). *Heath* is entirely inapposite. In that case, the defendant argued that his appellate attorney was unconstitutionally deficient because the attorney raised a single, poorly briefed issue—double jeopardy—when, on average, capitol lawyers raise thirty-four issues. *Id.* at 1131. The government disagreed, arguing that because a different appellate lawyer secured certiorari and lost on that one issue, his initial appellate lawyer's performance was adequate. *Id.* The Eleventh Circuit rejected that argument, noting that appellate counsel's selection of a single important but unsuccessful issue was insufficient "to redeem an otherwise poor appellate performance." *Id.* at 1131-32. To state the obvious, *Heath* says nothing about whether bond pending appeal is appropriate here.

**B.     Resolution of this substantial question in Mr. Adams's favor would likely result in a reduced imprisonment sentence that is less than the time Mr. Adams has already served.**

If decided in Mr. Adams's favor, his appellate challenge to the applicability of § 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In fact, Mr. Adams has *already* served longer than he likely would have had he not been convicted under § 1512(c)(2).

The government argues that "[r]egardless of the implications of *Fischer*," Mr. Adams cannot meet his burden because he was sentenced to twelve months' incarceration on Count Two. Gov. Opp., ECF No. 83, at 4. In so arguing, the government entirely fails to engage with Mr. Adams's two core points: first, that Mr. Adams's Count Two sentence will be vacated if he prevails on his *Fischer* argument on Count One; and second, without Count One, Mr. Adams's Guideline range for Count Two is only 1-7 months and misdemeanor only-defendants usually receive sentences below even that.

As noted in Mr. Adams's initial motion, under the sentencing-package doctrine, Mr. Adams's misdemeanor sentence will be vacated upon the reversal of his felony obstruction conviction. *See, e.g.*, *United States v. Phillips*, 98 F.3d 646 (D.C. Cir. 1996) (unpublished); *Scope of remand for resentencing—Sentence packaging*, 12A Cyc. Of Federal Proc. § 52:10 (3d ed.) (discussing sentence packaging generally). The § 1512(c)(2) conviction drove Mr. Adams's Guidelines range. With it, his offense level was 17 and his Guidelines range (accounting for upcoming amendments) was 27-33

months.  *See* Mot., ECF No. 82, at 7-8; U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Without the § 1512(c)(2) conviction, his Guidelines range drops to only 1-7 months. Mot. at 8.  In these circumstances—"when the vacation of a count affects the total offense level, Guideline range, or sentence itself"—this Court will have to conduct a resentencing.  *E.g.*, *United States v. Ivostraza-Torres*, 717 F. App'x 172, 174 (3d Cir. 2017).  To the extent the government's brief suggests that, if Mr. Adams prevails on his challenge to Count One, it will have no effect on his Count Two sentence, that proposition is false.

Mr. Adams has also shown that he is likely to receive a sentence on Count Two that is shorter than the duration of his appeal and, in fact, shorter than the nearly five months he has already served.  As this Court noted in its initial sentencing, there are several mitigating factors supporting a below-Guidelines sentence (and certainly a middle-of-the Guidelines sentence of five months or less).  For example, the Court recognized that Mr. Adams has lived a difficult life that has included considerable trauma.  Sentencing Tr. at 64; *see also* Final PSR, ECF No. 64, ¶¶ 83-91.  But, notwithstanding these obstacles, Mr. Adams's life has "many positive aspects."  He has "worked very hard professionally" and has "done what he can to get by notwithstanding his challenges."  Sentencing Tr. 65.  In the instant case, he candidly confessed his conduct to the FBI, committed no violence and did not encourage others to commit violence, and "at the end of the day, . . . [Mr.] Adams [would not have been] on the Capitol steps unless he had been encouraged to go there."  *Id.* at 67-71.

Notwithstanding these mitigating factors, the government argues that an above-the-Guidelines, statutory-maximum sentence of twelve months is appropriate on Count Two. In particular, it points to several statements Mr. Adams made after his bench trial and a prior burglary conviction as justifying an above-Guidelines sentence. Gov. Opp. 5-7. These arguments are unpersuasive.

First, this Court already denied Mr. Adams the benefit of acceptance of responsibility based on the statements highlighted by the government, and the 1–7-month Guideline range for Count Two assumes, for the purposes of this motion, that this Court will continue to deny acceptance of responsibility on remand. "[A]n upward variance is not supposed to reduplicate punishment already meted out by the Guidelines' range itself." *United States v. Parks*, 995 F.3d 241, 248 (D.C. Cir. 2021) (quoting *United States v. Brown*, 892 F.3d 385, 404 (D.C. Cir. 2018)). The government has offered no reason to think that its concerns about Mr. Adams's statements are not well-accounted-for by this Court's denial of acceptance and the resulting Guidelines range.

In any event, Mr. Adams's statements need to be understood in the context in which they were made. Mr. Adams has long believed that his conduct does not meet the definition of the § 1512(c)(2) offense, which is why he entered into the stipulated trial and preserved the *Fischer* issue in the first place. This is what he meant when he said that he did not feel that he "did what the charge is." If Mr. Adams prevails, he will have been proven right on that specific issue.

6

Mr. Adams's criminal history likewise does not justify an upward departure to the statutory maximum. The government homes in on Mr. Adams's 2002 conviction for residential burglary. *See* Gov. Br. 7. That offense was committed when Mr. Adams was only 20 and is over two decades old. Final PSR ¶ 62. He is 42 now. The government claims that the four-year sentence Mr. Adams received for this offense (of which he served approximately a year and a half) did not deter him from future criminal conduct. But the record reveals the opposite. Prior to Mr. Adams's sentence, he had committed a series of theft-type offenses at age 19 and 20. *Id.* ¶¶ 59-61. After Mr. Adams served his sentence, he never committed a similar offense again. Indeed, this Court expressly considered Mr. Adams's criminal history and correctly "put that to youth and the challenges that he faced." *See* Sentencing Tr. 70.

The government has made no effort to draw a parallel between January 6 and the burglary offense, and for good reason. The two offenses bear no resemblance to one another. Mr. Adams stole nothing during January 6, and he has no history of previous political crime or violence. *See id.* at 69 (finding that Mr. Adams "hasn't shown any real history of political violence [or,] frankly, violence of any kind"). Criminal history does not appear to have been a strong predictor of participation in the events of January 6, and there is no evidence that participation in it (particularly in the absence of violence) is a predictor of future criminality.

This is not to diminish what happened on January 6. It was undoubtedly a dark day in this nation's history. But Mr. Adams has already served the length of

7

time that this Court—and other judges in this jurisdiction—have deemed sufficient for misdemeanor-only participants in the events of that day. Indeed, during sentencing this Court specifically recognized that Mr. Adams's conduct was "arguably [] comparable" to two other misdemeanor-only defendants. *Id*. at 72. But he refused to give Mr. Adams the same sentence (home confinement) because he was convicted of a felony, while those defendants "both only were convicted of misdemeanors" and so their sentences "reflected it." *Id.* If Mr. Adams prevails on appeal, he will no longer have a felony conviction and his "arguably [] comparable" conduct would likely receive a comparable sentence to those other misdemeanor defendants.

Accordingly, because Mr. Adams's appeal presents a substantial question as to the validity of his only felony and he has shown that he has likely overserved the sentence he will receive if he is successful on appeal, release is appropriate.

## Conclusion

For these reasons, Mr. Adams respectfully requests that this Court grant his release pending appeal.

> Respectfully Submitted,
>
> A. J. KRAMER
>
> Federal Public Defender for the
> District of Columbia
>
> by:_____s/_____
> Courtney L. Millian
> Diane Shrewsbury
> Assistant Federal Public Defenders
> 625 Indiana Avenue, NW
> Washington D.C. 20004
> 202 208-7500