UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) | Criminal No. 21-cr-354 (APM) |
| THOMAS B. ADAMS, JR, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

**I.**

On January 30, 2023, following a stipulated bench trial, the court found Defendant Thomas B. Adams, Jr. guilty of (1) obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count One) and (2) entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Two). On June 16, 2023, the court sentenced Defendant to 14 months of incarceration and three years of supervised release on Count One and 12 months of incarceration and one year of supervised release on Count Two, with each term of incarceration and supervised release to run concurrently. Defendant self-surrendered to the Bureau of Prisons on August 5, 2023, and has remained detained since then.

Before the court is Defendant's Motion for Release Pending Appeal, ECF No. 82 [hereinafter Def.'s Mot.]. For the reasons explained below, the motion is granted.

**II.**

Under 18 U.S.C. § 3143(b)(1), a court "shall order the release" of an individual pending appeal if it finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and "(B) that the appeal

is not for the purpose of delay and raises a substantial question of law or fact likely to result in," as relevant here, "(i) reversal . . . . [or] (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The court finds by clear and convincing evidence that Defendant is not likely to flee and would not pose a danger if released. Defendant lacks the financial resources to flee and has strong community ties. Presentence Investigation Report, ECF No. 64 [hereinafter PSR], at 22–25, 29–30. He also appeared at all court hearings, whether in person or remotely. Although he has some criminal history, including charges for burglary, those offenses occurred over 20 years ago when he was under 21 years old. *Id.* at 15–17. His more recent offenses are of the substance use variety, including two violations for driving while intoxicated. *Id.* at 17–19. Defendant also had a stable residence and was employed before his incarceration. *Id.* at 24, 27. Notwithstanding his history of substance use, *id.* at 26–27, including while this case was pending, the court found at sentencing that Defendant was not a threat to the community and permitted him to self-surrender. Sentencing Hr'g Tr., June 16, 2023 [hereinafter Sentencing Hr'g Tr.], at 78. There is no indication of recent violence or other criminal activity that would disturb these findings.

The court also finds that Defendant's appeal is not for the purpose of delay.

### III.

The government contests whether Defendant's appeal raises a substantial question of law. Gov't Opp'n to Def.'s Mot., ECF No. 83 [hereinafter Gov't Opp'n], at 3–4. Defendant intends to raise on appeal that his conduct falls outside the scope of § 1512(c)(2). Def.'s Mot. at 6–7. Defendant argued before this court that he did not obstruct an official proceeding because he did not take "some action with respect to a document, record, or some other object." Def.'s Mot. to Dismiss Count One: Obstruction of an Official Proceeding, ECF No. 35, at 9–13. The court

2

rejected his reading of the statute, Order, ECF No. 48, at 1–2, as did a divided panel of the D.C. Circuit in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). But the Supreme Court recently granted certiorari in *Fischer* to resolve whether § 1512(c)(2) covers "acts unrelated to investigations and evidence," which prompted the instant motion. *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed Sept. 11, 2023).

A "substantial question of law" for purposes of § 3143(b) means a "close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (internal quotation marks omitted). The question of whether Defendant's admitted conduct violates § 1512(c)(2) meets this standard. To be sure, as the government argues, the Supreme Court's decision to grant certiorari in *Fischer* does not mean Defendant's conviction will be vacated. Gov't Opp'n at 4. However, it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a "close question."

**IV.**

The court now considers whether a favorable outcome in *Fischer* is "likely to result in" a "reversal . . . [or] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § § 3143(b)(1). If the defense prevails in *Fischer*, Defendant's § 1512(c)(2) conviction will be vacated. But Defendant also stands guilty of a second count of entering and remaining in a restricted building or grounds under § 1752(a)(1), a misdemeanor for which he received a statutory maximum 12-month sentence. Defendant thus far has served over five months of his sentence. *See* Def.'s Mot. at 9. If the Supreme Court were to issue a favorable ruling in *Fischer* near the end of its term in June 2024,

at that point Defendant will have served approximately 11 months. So, the question becomes whether a reversal of Defendant's § 1512(c)(2) conviction would result in a "reduced sentence to a term of imprisonment" of less than 11 months. The court finds that it would.

Due to his § 1512(c)(2) conviction, the court determined Defendant's guidelines range to be 30 to 37 months. Sentencing Hr'g Tr. at 38–40. That range was based on a Criminal History Category III and a total offense level of 17.[1] Two of Defendant's criminal history points were due to "status points." PSR at 20. Because the recent Sentencing Guidelines' "status points" amendment had yet to come into effect, for the purpose of considering a variance, the court treated Defendant as a Category II offender, reducing the guidelines range to 27 to 33 months. Sentencing Hr'g Tr. at 38. The court's below-guidelines sentence of 14 months reflected a balancing of the § 3553(a) factors, with particular emphasis on Defendant's history and characteristics and avoiding unwarranted disparities. *Id.* at 63–74.

The applicable guidelines range would look quite different without a § 1512(c)(2) felony conviction. The base offense level for Count Two is a four. U.S.S.G. § 2B2.3(a) (trespass). Two points would be added because the entry occurred on a "restricted building or grounds." *Id.* § 2B2.3(b)(1)(A)(vii). Defendant would not receive a reduction for acceptance of responsibility for the reasons discussed above, *see supra* note 1, resulting in a total offense level of six. With a Criminal History Category of III, the applicable guidelines range would be two to eight months in Zone B. For variance purposes, the court would treat Defendant's Criminal History as Category II,

---

[1] Defendant had a total of six criminal history points, including two "status" points based on his having committed the instant offense while on supervision in another matter. PSR at 20; Sentencing Hr'g Tr. at 37–38. The court applied U.S.S.G. § 2J1.2 to the § 1512(c)(2) violation. The base offense level was 14, and the court added three levels for substantial interference with the administration of justice, *see* § 2J1.2(b)(2), for a total offense level of 17. Sentencing Hr'g Tr. at 38–39. The court denied Defendant acceptance-of-responsibility points due to public statements made after his stipulated trial, which the court deemed inconsistent with his factual admissions. *Id.* at 33–37. The court calculated the same base offense level for Count Two, finding that Defendant entered and remained on restricted grounds to commit a felony, that is, a violation of § 1512(c)(2). *Id.* at 39–40; *see* U.S.S.G. § 2B2.3(c)(1).

*see supra*, resulting in a guidelines range of one to seven months in Zone B, *see* U.S.S.G. Sentencing Table.

The government contends that the court should deny release pending appeal because Defendant's "conduct on and after January 6 warrants the 12 months imposed on Count Two, even if his conviction on Count One is reversed." Gov't Opp'n at 4. But that position overlooks the revised Sentencing Guidelines range. The top end of the guidelines range for a § 1752(a)(1) violation alone would be eight months (or seven months, if treated as a Category II offender). Thus, to sustain a 12-month sentence, the court would have to vary *upwards* by four months (or five months, if treated as a Category II offender). "To sustain an upward variance," the court would have to "state the specific reason why the defendant's conduct was more harmful or egregious than the typical case represented by the relevant Sentencing Guidelines range." *United States v. Murray*, 897 F.3d 298, 308–09 (D.C. Cir. 2018) (internal quotation marks and brackets omitted). There is no basis for such an enhanced sentence in this case. Thus, even a top-of-the-guidelines, eight-month sentence on Count Two, standing alone, would constitute a "term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," that is, 11 months. 18 U.S.C. § 3143(b)(1)(B)(iv).

The court still must determine Defendant's "likely reduced sentence" assuming the § 1512(c)(2) conviction is vacated. *Id.* § 3143(b) (providing that, "in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence"). Such a sentence likely would be no more than the time Defendant already has served. In determining Defendant's sentence, the court varied below the guidelines range in large part due to Defendant's history and characteristics, including

5

the obstacles he overcame in life and his work accomplishments. Sentencing Hr'g Tr. at 64–65. That factor would again play a sizeable role in any resentencing.

Moreover, the court also varied to avoid unwarranted disparities, as it was cognizant of sentences other defendants had received for a top-count conviction under § 1512(c)(2). *Id.* at 71–73. If Defendant were to be resentenced on Count Two, he would be a misdemeanant, not a felon. This court consistently has imposed sentences of short terms of incarceration (90 days or less) or probation with home confinement for January 6 defendants convicted only of a misdemeanor. Def.'s Mot. at 8–9 n.5. Defendant's conduct is distinguishable from those defendants because he entered the Senate chamber on January 6, and the court was troubled by the public statements he made denying responsibility after his stipulated trial. *See* Sentencing Hr'g Tr. at 68–69. Still, weighing all of the § 3553(a) factors, the court likely would have sentenced Defendant to no more than the time he already has served if only convicted of a single count of violating § 1752(a)(1).

**V.**

Accordingly, the court grants Defendant's Motion for Release Pending Appeal, ECF No. 82. Defendant shall be released forthwith. Defendant shall report to the U.S. Probation Office in his district of residence within 48 hours of his release. His release conditions shall be the same as the conditions of supervised release set forth in the Judgment. Judgment, ECF No. 72, at 5–7. The parties shall contact the court within three days of the Supreme Court issuing its decision in *Fischer* to schedule a status conference to address whether further proceedings will be necessary. The court will issue a separate order to accompany this Memorandum Opinion.

Dated: January 10, 2024

Amit P. Mehta
United States District Court Judge